IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CECIL BRADLEY MATHEWS,**

    **Plaintiff,**

**vs.**                                       **Case No. 4:14cv331-RH/CAS**

**JENNIFER PARKER, et al.,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

On July 1, 2014, Plaintiff initiated this case by filing a complaint, doc. 1, a motion for in forma pauperis status, doc. 3, and an emergency motion for a temporary restraining order, doc. 3.  Ruling has been deferred on the in forma pauperis motion because Plaintiff did not attach a copy of his inmate bank account statement to the motion.  Nevertheless, Plaintiff's emergency motion, doc. 3, has been reviewed despite the fact that Plaintiff has not yet been granted in forma pauperis status.

Plaintiff contends that a restraining order is needed to protect his "physical well-being and prevent further acts of retaliation from occurring . . . ."  Doc. 3 at 1.  Plaintiff seeks a restraining order against Defendants Strawter, Surles, and Herrin, who are

located at Taylor Annex, where Plaintiff is also incarcerated.  *Id.*  Plaintiff does not, however, state what each of those Defendants did, or what he fears each named Defendant will do, unless a restraining order is entered.  Plaintiff advises that he was written an allegedly false disciplinary report, but Plaintiff does not state who wrote the report.  *Id.*  Furthermore, Plaintiff has not provided any facts which demonstrate the "emergency" nature of this motion.

Pursuant to Rule 65, a "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . . ."  FED. R. CIV. P. 65(b)(1)(A).  Granting or denying a motion for an injunction or protective order is a request for equitable relief that may be only granted if the moving party establishes:

  (1) a substantial likelihood of success on the merits;

  (2) a substantial threat of irreparable injury unless the injunction issues;

  (3) the opposing party would not be substantially harmed if the motion were granted; and

  (4) if granted, the injunction would not be adverse to the public interest.

DeYoung v. Owens, 646 F.3d 1319, 1324 (11th Cir. 2011);  Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000).  "A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant clearly establishes the burden of persuasion as to the four prerequisites."  Forsyth Cnty. v. U.S. Army Corps of Engineers,  633 F.3d 1032,

1039 (11th Cir. 2011) (citations omitted); Siegel, 234 F.3d at 1176.  An injunction will not issue unless the movant satisfies all four elements.  LSSi Data Corp. v. Comcast Phone, LLC, 696 F.3d 1114, 1119 (11th Cir. 2012).  Granting such a motion is a decision within the discretion of the district court.  LSSi Data Corp., 696 F.3d at 1119; Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997).

    Plaintiff's motion is insufficient on its face because it does not allege the need for a temporary restraining order.  Moreover, there is no supporting affidavit which provides facts showing that Plaintiff is in need of protection.  Plaintiff's complaint, doc. 1, has also been reviewed to determine if that document presents grounds which support entry of a temporary restraining order.  Plaintiff claims he has suffered retaliation (via issuance of a false disciplinary report) in violation of his First Amendment rights.  Doc. 1 at 5.  As relief, he seeks nominal and punitive damages.  *Id.* at 8.

    Plaintiff has not met all four prerequisites for injunctive relief.  Plaintiff has not shown that he faces a "substantial threat" of "immediate and irreparable injury" from the Defendants as required by Rule 65.  Plaintiff's motion presents only vague allegations of a non-specific fear of harm or future retaliation.

    Plaintiff has also not demonstrated a substantial likelihood of success in this case because the complaint, doc. 1, is deficient.  Plaintiff contends he suffered retaliation, but he has not shown that he previously engaged in any protected First Amendment activity from which it could be found that Defendants were retaliating against him.  The facts which must be shown to present a viable claim for retaliation claim are that the inmate (1) engaged in protected First Amendment activity, (2) suffered an adverse action

because of that activity, and (3) there is a causal connection between the two. Osterback v. Kemp, 300 F.Supp.2d 1238, 1251 (N.D. Fla. 2003). Because Plaintiff has not shown all four prerequisites for the issuance of a temporary restraining order, Plaintiff's motion should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's emergency motion for a temporary restraining order, doc. 3, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 11, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**