IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


CECIL BRADLEY MATHEWS,

    Plaintiff,

vs.                                    Case No. 4:14cv331-RH/CAS

JENNIFER PARKER, et al.,

    Defendants.

_____/


## SECOND REPORT AND RECOMMENDATION[1]

Plaintiff initiated this case on July 1, 2014. Docs. 1-3. Recently, Plaintiff was granted in forma pauperis status, doc. 8, and his deadline to pay the assessed initial partial filing fee is August 18th, 2014. *See* docs. 9-10. Because Plaintiff has not yet paid the fee, the complaint has not been reviewed. Nevertheless, Plaintiff has now filed an amended complaint, doc. 12, and a second motion for a protective order, doc. 11. Considering the motion is titled as an emergency motion, it has been reviewed despite the fact that Plaintiff has not yet paid the initial partial filing fee.

---

[1] When Plaintiff initiated this case, he filed an emergency motion for a temporary restraining order, doc. 3, with the complaint, doc. 1. A Report and Recommendation, doc. 5, is pending on that motion, recommending that it be denied.

Plaintiff asserts that a restraining order is needed to protect him "from further retaliatory acts" as presented in count three of his complaint.[2]  Doc. 11 at 1.  Plaintiff further asserts that he will "need protection so [he] can properly exhaust the issue in count three."  *Id.*  Plaintiff said he needs protection "before more false disciplinary reports are written" again Plaintiff because of the grievances he has filed.  *Id.* at 2.  Plaintiff advises "that once the General Counsel's office is notified of a lien then the 'word' is out."  *Id.*  Plaintiff contends "they know" about the suit and "notify defendants of it" which then "allows defendants the opportunity to retaliate which has happened in this case."  *Id.*  Plaintiff points to count three of the complaint as demonstrating the need for relief.  *Id.* at 3.  Plaintiff states that Defendants are all located at Taylor Annex and Plaintiff seeks an order which states that Defendant "are not to have any direct or verbal contact with the Plaintiff" and that subordinates of the Defendants "shall not carry out any retaliatory actions against the Plaintiff."  *Id.*  Plaintiff contends that he only needs "this on a temporary basis, for 60 days so the grievances can be exhausted."  *Id.*

Plaintiff previously sought a restraining order against Defendants Strawter, Surles, and Herrin.  Doc. 1.  The Report and Recommendation, doc. 5, entered on that motion recommending denial of the motion because Plaintiff did not "state what each of those Defendants did, or what he fears each named Defendant will do, unless a restraining order is entered."  Doc. 5 at 2.  Plaintiff had said that an allegedly false disciplinary report was written, but Plaintiff did not state who wrote the report.  *Id.*

---

[2] Count three alleges a claim for retaliation.  Doc. 12.  Plaintiff reports that he was issued a false disciplinary report on July 24, 2014.  This case was initiated, however, on July 1, 2014.  Docs. 1-3.

Case No. 4:14cv331-RH/CAS

This second motion suffers from the same problem.  Plaintiff does not specifically allege that any Defendant has taken any act which shows Plaintiff is in danger of irreparable injury.  Plaintiff does not allege he has been physically assaulted or even threatened with violence.  Plaintiff has also not provided any facts which demonstrate the "emergency" nature of this motion.

Pursuant to Rule 65, a "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . . ." FED. R. CIV. P. 65(b)(1)(A).  Granting or denying a motion for an injunction or protective order is a request for equitable relief that may be only granted if the moving party establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the opposing party would not be substantially harmed if the motion were granted; and

(4) if granted, the injunction would not be adverse to the public interest.

DeYoung v. Owens, 646 F.3d 1319, 1324 (11th Cir. 2011);  Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000).  "A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant clearly establishes the burden of persuasion as to the four prerequisites." Forsyth Cnty. v. U.S. Army Corps of Engineers,  633 F.3d 1032, 1039 (11th Cir. 2011) (citations omitted); Siegel, 234 F.3d at 1176.  An injunction will not

issue unless the movant satisfies all four elements. LSSi Data Corp. v. Comcast Phone, LLC, 696 F.3d 1114, 1119 (11th Cir. 2012). Granting such a motion is a decision within the discretion of the district court. LSSi Data Corp., 696 F.3d at 1119; Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997).

Plaintiff's motion is insufficient on its face because it does not allege the need for a temporary restraining order. There is no supporting affidavit which provides facts showing that Plaintiff is in need of protection. Plaintiff has not shown that he faces a "substantial threat" of "immediate and irreparable injury" from the Defendants as required by Rule 65. Plaintiff may suffer consequences from issuance of a false disciplinary report, but he has not shown that he will suffer irreparable harm.

Furthermore, Plaintiff's amended complaint, doc. 12, has also been reviewed because Plaintiff points to count three as support for entry of a temporary restraining order. That review, along with Plaintiff's admission in the motion, doc. 11, reveals that Plaintiff does not have a substantial likelihood of success on the merits of that claim because he has not yet exhausted administrative remedies. To bring a claim in federal court, a prisoner must have exhausted that claim under § 1997e(a) prior to case initiation. See Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387 (2006); Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998) (stating that the court lacks discretion to waive the exhaustion requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing). Thus, Plaintiff

has not met all four prerequisites for injunctive relief and the successive motion, doc. 11, should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second emergency motion for a temporary restraining order, doc. 11, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on August 7, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**